IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01105-LTB-BNB

AMICORP INCORPORATED,

        Plaintiff,

v.

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a General Steel Corporation,

        Defendant.

_____

## ORDER
_____

This matter is before me on the Application to Confirm Award of Arbitrator, filed by Plaintiff, Amicorp, Inc. [**Doc #1**] and the Petition to Vacate Award of Arbitrator, filed by Defendant General Steel Domestic Sales, LLC, d/b/a General Steel Corporation [**Doc #5**]. In addition, I address General Steel's Motion for Discovery [**Doc #9**]. Oral arguments will not materially aid in the resolution of these petitions. After consideration of the parties' briefs and related attachments, and for the reasons stated below, I GRANT IN PART and DENY IN PART Amicorp's Application to Confirm the Arbitrator's Award, and I DENY General Steel's Petition to Vacate Award of Arbitrator and its related Motion for Discovery.

### I. FACTS

On August 1, 2006, the parties in this matter choose Edwin S. Kahn, an arbitrator with the American Arbitration Association, to arbitrate their dispute related to the sale of a steel building. Prior to the arbitration, General Steel filed a motion *in limine* in which it sought to exclude evidence related to a lawsuit filed by the State of Colorado against General Steel in the District

Court for Jefferson County, Colorado (Case No. 04-cv-143), for violations of the Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et seq*. ("CCPA")  Specifically, General Steel sought to exclude an order in which Jefferson County District Court Chief Judge R. Brooke Jackson concluded, following a trial to the court on some of the underlying claims, that General Steel made misrepresentations to consumers in violation of the CCPA.  This order was subsequently merged into a settlement agreement.  Mr. Kahn denied General Steel's motion *in limine* in January of 2007.   Thereafter, the parties engaged in a final arbitration hearing over three days in April of 2007.  On May 18, 2007, Mr. Kahn issued an arbitration award in favor of Amicorp, and awarded it $273,714.55 in damages.

Amicorp then filed its Application to Confirm Award of Arbitrator with this court, pursuant to 9 U.S.C. § 9, on May 25, 2007.  In that application, Amicorp seeks a confirmation of the arbitration award and entry of judgment.  Amicorp also seeks attorneys' fees and costs realted to the contested confirmation.  In response, General Steel objects to the confirmation of the arbitration award and it filed its own Petition to Vacate Award of Arbitration, pursuant to 9 U.S.C. § 10(a), on July 9, 2007.  General Steel subsequently filed a related Motion for Discovery.

## II. GENERAL STEEL'S PETITION TO VACATE AWARD OF ARBITRATOR

General Steel seeks to set aside the arbitration award on grounds of evident partiality pursuant to 9 U.S.C. § 10(a)(2), on the basis that the arbitrator, Mr. Kahn, failed to disclose a "close personal relationship" with Chief Judge R. Brooke Jackson.  Judge Jackson is a judge sitting on the District Court for Jefferson County, and is the judge who authored the order, discussed above, which concluded that General Steel made misrepresentations to consumers in

violation of the CCPA.  General Steel asserts that a relationship exists between Judge Jackson and Mr. Kahn based on the following allegations:

      1.  Judge Jackson and Mr. Kahn both previously worked at the law firm of Holland & Hart, in their Denver office, for approximately six years from 1972 to 1978;

      2.  Both Judge Jackson and Mr. Kahn attended Harvard Law School;

      3. Mr. Kahn is a member of the Harvard Law School Association of Colorado and, presumably, Judge Jackson is also a member; and

      4. Judge Jackson and Mr. Kahn received achievement awards from Holland & Hart in June 2004 during a formal banquet "where it is likely that both arbitrator Kahn and Judge Jackson were seated next to each other."

As such, General Steel asserts that, after limited investigation, "it is a known fact arbitrator Kahn and Judge Jackson have been involved in some sort of social, business and professional relationship ever since their period of time at Harvard Law School."  General Steel maintains that Mr. Kahn violated his continuing duty to disclose his relationship with Judge Jackson which, standing alone, is justifiable grounds to vacate the arbitration award.

**A.  Standard of Review**

The Federal Arbitration Act, 9 U.S.C. §§ 1, *et. seq.*, allows a federal district court where an arbitration award is made to vacate that award upon the application of any party to the arbitration  "where there was evident partiality or corruption in the arbitrators, or either of them."  9 U.S.C. § 10(a)(2).

Courts are to exercise great caution when asked to set aside an arbitration award, which is the product of the theoretically informal, speedy and inexpensive process of arbitration, freely

chosen by the parties. *Ormsbee Development Co. v. Grace,* 668 F.2d 1140, 1146 (10th Cir.1982), *cert. denied Grace v. Santa Fe Pacific Railroad Co.,* 459 U.S. 838, 103 S.Ct. 84, 74 L.Ed.2d 79 (*citing Andros Compania Maritima v. Marc Rich & Co., A. G.*, 579 F.2d 691 (2d Cir. 1978)). As a result, a party attacking the legality of an arbitration award has the burden of sustaining such an attack. *Ormsbee Dev. Co. v. Grace*, *supra*, 668 F.2d at 1146 (*citing Wright Lumber Co. v. Herron*, 199 F.2d 446 (10th Cir. 1952)). Furthermore, once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances. *Ormsbee Dev. Co. v. Grace*, *supra*, 668 F.2d at 1146 (*citing Fizer v. Safeway Stores, Inc.*, 586 F.2d 182 (10th Cir. 1978)).

## **B.  Waiver**

As a threshold matter, I first address Amicorp's argument that General Steel has waived its right to object to Mr. Kahn's partiality, and its right to seek vacture of the arbitration award on the grounds of evident partiality, because General Steel failed to object during the course of the arbitration hearing. Amicorp further asserts that General Steel made an improper strategic or tactical decision to wait until after an unfavorable decision was rendered against it before challenging the decision under 9 U.S.C. § 10(a).

In support of its waiver argument, Amicorp refers me to case law that holds that a party with knowledge of facts possibly indicating bias or partiality on the part of an arbitrator cannot remain silent and later object to the award because the party's silence constitutes a waiver of the objection. *See e.g. Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 666 (9th Cir. 2005); *Public Service Co. of Oklahoma v. Burlington Northern Railroad Co.*, 1995 WL 640375 at 5 (10th Cir. 1995)(unpublished decision).

Amicorp argues that General Steel had knowledge of all of the information on which it now bases its argument of partiality prior to the arbitration proceedings. Specifically, Amicorp maintains that General Steel was aware, or should have been aware, of Judge Jackson's educational and professional resume at the time he issued the order finding General Steel violated the CCPA. Additionally, Amicorp asserts that General Steel was aware of Mr. Kahn's educational and professional resume prior to picking him as the arbitrator in this case.

I agree with Amicorp that allowing party with knowledge of the facts supporting its claim of bias or partiality to raise such objection only after losing the arbitration would completely undermine the arbitration process. However, General Steel asserts that it was not aware of the alleged "personal" relationship between Mr. Kahn and Judge Jackson until after the arbitration award was made. Although such knowledge was presumably available prior to the arbitration, General Steel argues that it did not have actual knowledge of the factual allegations underlying its ground for seeking vacatur until after the arbitration award. As a result, I conclude that, under these circumstances, General Steel has not waived the right to challenge the arbitration award for evident impartiality under 9 U.S.C. § 10(a)(2).

**D.   Evident Impartiality Analysis**

The parties disagree as to the legal standard I should utilize to assess a challenge pursuant to 9 U.S.C. § 10(a)(2). In *Commonwealth Coatings Corporation v. Continental Casualty Company*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968), the Supreme Court addressed the "evident partiality" ground set forth in 9 U.S.C. § 10(a)(2). The opinion of the court, delivered by Justice Black and joined by three other justices, requires that "arbitrators disclose to the parties

any dealings that might create an impression of possible bias." *Id.* at 149. Justice Black further indicated that arbitrators "not only must be unbiased but also must avoid even the appearance of bias." *Id.* at 150. Justice White, the fifth vote in the case together with Justice Marshall, indicated he was "glad to join" in Justice Black's opinion, but he wrote a concurring opinion to make "additional remarks." *Id.* While supporting a policy of disclosure by arbitrators to enhance the selection process, Justice White's concurring opinion contemplates upholding awards when arbitrators fail to disclose insubstantial relationships. *Id.* at 152. Specifically, Justice White wrote that it is "enough for present purposes to hold, as the Court does, that where the arbitrator has a <u>substantial interest</u> in a firm which has done more than trivial business with a party, that fact must be disclosed." (Emphasis added) *Id.* at 151-52.

Because the ruling was a "plurality-plus" decision, the circuits differ on their interpretation of the holding. *See generally Positive Software Solutions, Inc. v. New Century Mortgage Corp.,* 476 F.3d 278, 282 (5th Cir. 2007). The standard articulated in Justice Black's opinion is often referred to as the broader "appearance of bias standard," and the stricter or narrower standard in Justice White's concurance is referred to as the "actual bias standard." A majority of circuit courts have concluded that Justice White's concurring opinion did not lend majority status to the plurality opinion. *Id.* As a result, this view holds "that nondisclosure alone does not require vacatur of an arbitral award for evident partiality [rather] an arbitrator's failure to disclose must involve a significant compromising connection to the parties." *Id.* at 282 - 283.

The Tenth Circuit follows the majority, and has adopted a version of the "actual bias standard." In *Ormsbee Development Company v. Grace, supra,* 668 F.2d at 1147, the Tenth Circuit held that "it is only clear evidence of impropriety which justifies the denial of summary

6

confirmation of an arbitration award." *Id.* (*citing National Bulk Carriers v. Princess Management,* 597 F.2d 819 (2d Cir. 1979)). "[F]or an award to be set aside, the evidence of bias or interest of an arbitrator must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative." *Ormsbee Dev. Co. v. Grace, supra,* 668 F.2d at 1147 (*citing Tamari v. Bache Halsey Stuart, Inc.*, 619 F.2d 1196 (7th Cir. 1980), *cert. denied*, 449 U.S. 873, 101 S.Ct. 213, 66 L.Ed.2d 93)); *see also Cal-Circuit ABCO, Inc. v. Solbourne Computer, Inc.*, 848 F.Supp. 1506, 1509 -1510 (D.Colo. 1994)(applying the standard in *Ormsbee Dev. Co. v. Grace, supra*, to conclude that unsubstantiated allegations, without direct evidence of bias, fail to provide a basis for concluding that the arbitrator was partial).

Under the controlling standard articulated by the Tenth Circuit in *Ormsbee Development Company v. Grace, supra,* it is clear General Steel has not met its burden to vacate the arbitration award under 9 U.S.C. § 10(a)(2). The mere fact that Mr. Kahn and Judge Jackson, a non-party, may know each other, based on the facts that years ago they went to the same law school and worked in the same law firm, does not rise to the level of a personal, business and/or social relationship resulting in impropriety or bias. Even if such a relationship exists, there is absolutely no evidence that it had any influence on Mr. Kahn's decision; his alleged reliance on an applicable judicial opinion written by Judge Jackson cannot be deemed improper or biased. I conclude that the arbitration award should not be vacated for "evident partiality" under 9 U.S.C. § 10(a)(2), because the "evidence of [Mr.Kahn's] bias or interest" raised by General Steel is clearly not "direct, definite and capable of demonstration," but rather it is "remote, uncertain, or speculative." *Id.* at 1147.

General Steel asserts, however, that I should decline to follow the Tenth Circuit holding in *Ormsbee Development Company v. Grace, supra.* General Steel first argues that, contrary to the interpretation of the majority of the circuits, Justice White's concurring opinion did create a majority in a plurality opinion and, as such, Justice Black's ruling that arbitrators must disclose any dealings that might create an impression of possible bias, or the "appearance of bias" standard, is controlling. *See Crow Constr. v. Jeffrey M. Brown Association. Inc.,* 264 F.Supp.2d 217, 220 (E.D. Pa. 2003). General Steel also argues that an "actual bias" standard is not applicable here by attempting to distinguish cases, including *Ormsbee Development Company v. Grace, supra.* Specifically, General Steel maintains that in cases where the parties had some influence in selecting the arbitrator and the arbitrator failed to disclose information which may create a reasonable impression of the arbitrator's partiality an appearance of bias standard should be applied in order to ensure impartiality and fairness in the selection process. *See e.g. Crow Constr. v. Jeffrey M. Brown Association., supra*, 264 F.Supp.2d at 223; *see also Houston Village Builders, Inc. v. Falbaum,* 105 S.W.3d 28, 32 (Tex. App. 2003).

I am of course bound by Tenth Circuit precedent. But even applying an appearance of bias standard there are simply no facts alleged that rise to the level of a relationship that evidences even the appearance or impression of possible bias. The tangential and tenuous connections between Judge Jackson and Mr. Kahn that General Steel relies upon do not evidence even a minor relationship between them – such possible relationship is merely speculative. The alleged association between Mr. Kahn and Judge Jackson is clearly too attenuated to raise an appearance of bias. This is exactly the case envisioned by Justice White when he wrote that an arbitrator "cannot be expected to provide the parties with his complete and unexpurgated business

biography." *Commonwealth Coatings v. Continental Cas.*, *supra,* 393 U.S. at 151.   I conclude that General Steel has not met its heavy burden of sustaining an attack on the propriety of an arbitration award; the facts alleged here to not rise to the level of "exceptional circumstances" necessary to overturn the finality of an arbitration award.  *See Ormsbee Dev. Co. v. Grace, supra*, 668 F.2d at 1146.

### III.  DISCOVERY REQUEST

In its Motion for Discovery, General Steel seeks an order granting it "reasonable discovery," limited to the deposition of Mr. Kahn and perhaps one more individual, in order to ascertain "the extent of non-disclosure and of the relationship between arbitrator Kahn and Judge Jackson and the extent of bias."

First, I note that General Steel has been given ample time to further "investigate" the nature of the alleged "close personal relationship" between Mr. Kahn and Judge Jackson.  General Steel first raised the issue almost four months ago, on May 25, 2007, with the American Arbitration Association.  Since that time General Steel has nonetheless failed to provide any further evidentiary support for is conclusion that such relationship exists or that Mr. Kahn was somehow influenced by such a relationship.

Moreover, General Steel's alleged necessity for discovery to see if there is justification for its essentially unsupported allegation of impartiality is speculative and appears to be a fishing expedition to uncover evidence to lend support to its unfounded claim. This is particularly true in light of my conclusion that even when the broad "appearance of bias" standard is applied, the facts alleged here by General Steel cannot sustain a vacatur of the arbitration award.  *See generally Lucent Technologies Inc. v. Tatung Co.*, 379 F.3d 24, 32 (2nd Cir. 2004)(a party

seeking vacatur must present necessary "clear evidence of impropriety" to be allowed post-award discovery into potential arbitrator bias).

## IV. AMICORP'S PETITION TO CONFIRM

General Steel's sole objection the arbitration award is an evident partiality challenge under 9 U.S.C. § 10(a)(2). Because I have denied General Steel's request to vacate on this ground, and there appearing no reason to the contrary, I grant Amicorp's application to confirm the arbitration award pursuant to 9 U.S.C. § 9 (providing that "any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected").

## V. ATTORNEY FEES

Finally, in its application to confirm and in its response to General Steel's petition to vacate, Amicorp requests its attorney fees and costs incurred in this litigation on the basis that it was awarded attorney fees in the underlying arbitration as part its successful claim for damages under the CCPA  "Because this proceeding is simply an extension of the arbitration proceeding" Amicorp avers that it is entitled to recover its attorney fees and cost associated with confirming the arbitration award over General Steel's objection.

Although I have found that General Steel's attempt to vacate the arbitration award is without merit, I decline to award Amicorp its attorneys fees in this matter. An award of fees incurred in obtaining enforcement of an arbitration award is discretionary. *United Steelworkers of Am. v. Ideal Cement Co.,* 762 F.2d 837, 843 (10th Cir.1985) ("[i]n an action to enforce an

arbitration award, the allowance of attorney's fees is discretionary."); *see also Fabricut, Inc. v. Tulsa Gen. Drivers, Local 523,* 597 F.2d 227, 230 (10th Cir.1979).

ACCORDINGLY, for the reasons stated above, it is ORDERED as follows:

1) The Petition to Vacate Award of Arbitrator [**Doc #5**], filed by Defendant, General Steel Domestic Sales, LLC, d/b/a General Steel Corporation is DENIED;

2) The Application to Confirm Award of Arbitrator [**Doc #1**], filed by Plaintiff, Amicorp, Inc., is GRANTED IN PART and DENIED IN PART as follows:

- a) The arbitration award dated May 18, 2007, is confirmed and judgment shall enter in favor of Amicorp and against General Steel in the amount of $ 273,714.55;

- b) I decline to exercise my discretion to award Amicorp's the attorney fees and costs it incurred in seeking to confirm the arbitration award over General Steel's objection; and

3) The Motion for Discovery [**Doc #9**], filed by General Steel is DENIED.

Dated: September    27   , 2007,  in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock   
Lewis T. Babcock, Judge